This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas G. McDonald, II, appeals the decision of the Medina County Court of Common Pleas, which found him guilty of tampering with records. This Court affirms.
 I. {¶ 2} On July 28, 2001, appellant's driver's license was suspended following his arrest for driving under the influence. Appellant was served with and signed an ALS suspension form notifying him that his driver's license was suspended.
 {¶ 3} On July 30, 2001, appellant went to the Ohio Bureau of Motor Vehicles ("BMV") and filled out an application for a driver's license ID card and a form for a new driver's license. The form contained a section for the applicant to explain what had happened to the old license. There were boxes to indicate whether the license was lost, stolen, suspended, revoked or canceled. Appellant checked the box on the form stating that the license was lost. Another portion of the form asked whether the applicant's license was now suspended or revoked or canceled. Appellant answered "no" to the question.
 {¶ 4} On August 1, 2001, appellant went to Pennsylvania and used the license he obtained on July 30, 2001, to obtain a valid Pennsylvania driver's license.
 {¶ 5} On October 31, 2001, appellant appeared in Medina Municipal Court, and it was discovered that he had a Pennsylvania driver's license. Appellant's Pennsylvania license was turned over to the court and the matter was turned over to the state highway patrol for investigation.
 {¶ 6} On November 15, 2001, appellant was indicted on one count of tampering with records in violation of R.C. 2913.42(A)(1). Appellant pled not guilty, and the case proceeded to a bench trial. The trial court found appellant guilty and sentenced him to three years of community control. Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT IMPROPERLY RELIED ON STATE V. HARPER AS A CONTROLLING PRECEDENT IN RENDERING ITS DECISION IN THE PRESENT CASE."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN APPLYING R.C. 2921.13 IN RENDERING ITS DECISION."
 {¶ 7} Appellant's two assignments of error have been combined for purposes of discussion. Essentially, appellant argues that his conviction is against the manifest weight of the evidence and that he should have been found guilty of R.C. 2921.13(E)(1) rather than R.C. 2921.13. This Court disagrees.
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} An appellate court that overturns a judgment of a trial court as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997),78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant.Otten, 33 Ohio App.3d at 340.
 {¶ 10} R.C. 2913.42 provides, in pertinent part:
 "(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:
 "(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record[.]"
 {¶ 11} In the present case, appellant falsified an Ohio BMV application. Appellant checked the box on the application indicating that his driver's license was lost when, in fact, appellant knew that his license had been suspended. Appellant also answered "no" when the application asked if the license had been suspended. Defendant knew that he did not have a privilege to falsify the application as, at the very least, a warning is printed on the application. Moreover, appellant's purpose in obtaining the Ohio license on July 30, 2001, was to facilitate a fraud on the Pennsylvania BMV. Thus, all of the elements of tampering with records pursuant to R.C. 2913.42 were demonstrated.
 {¶ 12} Given the above, this Court cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 13} Appellant's argument that he should have been convicted of the lesser included offense of falsification is also without merit.
 {¶ 14} R.C. 2921.13 prohibits falsification and provides, in relevant part:
 "(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
 "(5) The statement is made with purpose to secure the issuance by a governmental agency of a license, permit, authorization, certificate, registration, release, or provider agreement."
 {¶ 15} In order for a lesser included offense to be considered, the evidence must reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v. O'Neal
(2000), 87 Ohio St.3d 402, 412.
 {¶ 16} In the present case, the evidence did not warrant an instruction on falsification because the evidence did not support an acquittal on tampering with records, as the evidence demonstrated that defendant falsified the Ohio BMV application with the purpose of using the false identification to defraud the Pennsylvania BMV.
 III. {¶ 17} Accordingly, appellant's first and second assignments of error are overruled. The decision of the Medina County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.